Geoffrey E. Wiggs (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 South Norfolk Street, Suite 350
San Mateo, California 94403-1171
Telephone Number: (650) 577-5952
Facsimile Number: (650) 577-5953
Email Address: geoff@wiggslaw.com

J. Erik Heath, Esq. (SBN 304683)
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone Number: (415) 391-2391
Email Address: erik@heathlegal.com

Attorneys for Plaintiff
**JIMIL BORILLO**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMIL BORILLO,<br>        Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br>        Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**11 U.S.C. § 1692** *et seq.* |

JIMIL BORILLO, Plaintiff, brings this action against Legal Recovery Law Offices, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(1).

3.      Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## PARTIES

4.      Plaintiff **JIMIL BORILLO** is a citizen of the United States, and currently lives in Pacifica, California.

5.      Defendant **LEGAL RECOVERY LAW OFFICES, INC.** ("LRLO"), is a California professional corporation, who regularly collects or attempts to collect debts.  LRLO's principal office is in San Diego, California, and LRLO may be served with process through its registered agent, Richard Sitter, 5030 Camino de la Siesta #340, San Diego, California, 92108.

## FACTUAL BACKGROUND

6.      On or around August 19, 2009, Defendant filed a lawsuit against Plaintiff on behalf of Arrow Financial Services, LLC ("ARROW"), in the Superior Court of Santa Clara County.  (Case No. 109CV150323) (the "State Court Lawsuit").

7.      According to the state court complaint, Plaintiff had defaulted on a credit card with an entity known as Household Bank.

8.      According to paragraph 4 of the state court complaint drafted by Defendant:

> This is the proper venue, superior court and court location for this action because the action involves an offer or provision of goods, services and/or credit intended to be commercial use to be sold to the public primarily for personal, family or household use and at least one Defendant resides in this court's jurisdiction.

9.      On September 24, 2009, Defendant filed a Declaration of Non-Service, showing that it attempted to serve Plaintiff at 2691 Shadowvale Way, San Jose, Santa Clara County, California 95132.  According to the Declaration of Non-Service, Plaintiff did not reside at the address.

10.     On October 22, 2009, Defendant filed a Proof of Service, indicating that Plaintiff was served by substituted service at his residence at 5227 Belfast Court, South San Francisco, California, 94080-5022.

11. The address of 5227 Belfast Court, South San Francisco, CA, is in San Mateo County.

12. Plaintiff did not receive actual notice of the pending state court lawsuit, and on December 21, 2009, the Santa Clara Superior Court entered a default against him.

13. On March 15, 2010, the Santa Clara Superior Court entered a default judgment against Plaintiff, in the total amount of $3,063.80.

14. At no point before entry of the default and default judgment did Defendant attempt to transfer venue of the state court lawsuit to Plaintiff's home county.

15. On October 13, 2015, an Assignment of Judgment was recorded in the state court lawsuit, indicating that the judgment had been assigned from ARROW to LVNV Funding, LLC ("LVNV").

16. On or around November 2015, LVNV commenced collection activity on the judgment, attempting to garnish some of Plaintiff's income.

17. The November 2015 garnishment attempt was the first time that Plaintiff had heard about the State Court Lawsuit.

18. Plaintiff did not recognize the debt alleged in the state court lawsuit, and disputes ever accruing it.

19. On March 3, 2016, Plaintiff filed a motion to vacate and set aside the default judgment entered in the State Court Lawsuit pursuant to Cal. Civil Code § 1788.61.

20. Under Cal. Civil Code § 1788.61, a defendant has 180 days from actual notice of a lawsuit to set aside any default judgment entered against him or her.

21. On March 29, 2016, after a contested hearing, the Santa Clara Superior Court entered an order granting Plaintiff's motion, and vacating and setting aside the default judgment obtained by Defendant in the State Court Lawsuit.

22. Pursuant to an agreement between LVNV and Plaintiff, LVNV submitted a request to dismiss the State Court Lawsuit with prejudice on June 21, 2016.

COMPLAINT

23.     At the time of commencement of the State Court Lawsuit, Plaintiff did not reside in Santa Clara County.

24.     At no point in time did Plaintiff sign a contract with Household Bank, or with any of its assignees, in Santa Clara County.

25.     As the order setting aside default judgment in the State Court Lawsuit implicitly recognized, Plaintiff did not discover Defendant's lawsuit, and the fact that it was filed in Santa Clara County, until roughly November 2015.

26.     On account of Defendant's choice of venue, Plaintiff suffered a concrete risk of injury, making it more difficult, time-consuming, and expense to travel to the inconvenient forum from his home in San Mateo County if Plaintiff desired to defend himself.

27.     On account of Defendant's choice of venue, Plaintiff incurred actual damages in the form of attorney's fees to transfer the action, and emotional distress arising out of the concern for fighting traffic, and taking extra time off of work, in order to appear in Santa Clara County.

## CAUSE OF ACTION: 15 U.S.C. § 1692g
## FAIR DEBT COLLECTION PRACTICES ACT

28.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

29.     Defendant LRLO is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.     Defendant LRLO uses the mail and telephone communications in its business.

31.     Defendant LRLO regularly collects or attempts to collect debts asserted to be due to another.

32.     Defendant LRLO violated the FDCPA by bringing a debt collection action in a county other than one (A) "in which [the] consumer signed the contract sued upon," or (B) "in which [the] consumer resides at the commencement of the action." *See* 15 U.S.C. § 1692i.

33.     Plaintiff discovered LRLO's violation in November 2015, after the garnishment attempt on the default judgment.

34.     As a result of Defendant LRLO's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

**WHEREFORE,** Plaintiff, JIMIL BORILLO, requests that this Court:

(a)  Award Plaintiff actual and statutory damages;

(b)  Award Plaintiff attorney's fees, litigation expenses, and court costs; and

(c)  Grant Plaintiff/Debtor such other and further relief as is just and proper under the circumstances.


Dated: <u>September 27, 2016</u>            LAW OFFICES OF GEOFF WIGGS

J. ERIK HEATH, ATTORNEY AT LAW


By:   <u>  /s/ Geoffrey E. Wiggs  </u>
Geoffrey E. Wiggs
Attorneys for Plaintiff
JIMIL BORILLO