UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMIL BORILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br><br>    Defendant. | Case No. 5:16-cv-05508-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

Plaintiff Jimil Borillo sues defendant Legal Recovery Law Offices, Inc. (LRLO) for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. He claims that LRLO violated FDCPA § 1692i by bringing a legal action against him to collect a consumer debt in a judicial district other than the one in which he lived at the time suit was filed.

Defendant was served with process (Dkt. 7), but failed to answer or otherwise respond to the complaint. At Borillo's request, the Clerk of the Court entered LRLO's default on November 3, 2016. (Dkt. 9).

Borillo now moves for default judgment, seeking statutory damages of $2,000.00, plus attorneys' fees of $3,060.00, and $470.00 in costs for a total judgment of $5,530.00. The docket indicates that defendant was served with notice of the present motion. (Dkt. 15-9). This court has received no response to the motion, and the time for briefing has closed. At the court's direction,

plaintiff's counsel submitted additional documentation in support of the request for fees.

Plaintiff has consented to proceed before a magistrate judge, 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Defendant, however, has never appeared and is in default. Accordingly, this court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that plaintiff's motion for default judgment be granted in part and denied in part.

**BACKGROUND**

Borillo's complaint alleges the following facts:

On or around August 19, 2009, LRLO filed a debt collection suit against Borillo in Santa Clara County Superior Court. That suit was filed on behalf of Arrow Financial Services, LLC (Arrow) and alleged that Borillo defaulted on a credit card with an entity known as Household Bank. LRLO's complaint alleged that venue was proper in Santa Clara County because Borillo resided there:

> This is the proper venue, superior court and court location for this action because the action involves an offer or provision of goods, services and/or credit intended for commercial use to be sold to the public primarily for personal, family or household use and at least one Defendant resides in this court's jurisdiction.

(Dkt. 1, Complaint at ¶ 8).

Nevertheless, LRLO subsequently filed a Declaration of Non-Service on September 24, 2009, stating that it attempted to serve Borillo at an address in San Jose, California, but that he did not live at that address. Then, on October 22, 2009, LRLO filed a proof of service indicating that Borillo was served by substituted service at his residence in South San Francisco. South San Francisco is in San Mateo County.

Borillo states that at the time the state court suit was filed, he did not reside in Santa Clara County. He also claims that he never signed a contract with Household Bank (or any of its assignees) in Santa Clara County. Indeed, plaintiff says he did not recognize the alleged debt and denies ever incurring it. He also claims that he did not receive actual notice of LRLO's suit, until years later when attempts were made to collect the judgment.

On December 21, 2009 the Santa Clara County Superior Court entered Borillo's default.

1  That was followed by entry of default judgment against him on March 15, 2010 in the amount of
2  $3,063.80. According to the complaint, at no time before entry of default judgment did LRLO
3  attempt to transfer the case to San Mateo County where Borillo resided.

Several years later, on October 13, 2015, an Assignment of Judgment was recorded in the state court lawsuit, indicating that the judgment had been assigned from Arrow to LVNV Funding, LLC (LVNV). Borillo says that he did not learn about the state court lawsuit until the following month, November 2015, when LVNV attempted to garnish his wages.

On March 3, 2016, Borillo moved the Santa Clara Superior Court for an order vacating and setting aside the default judgment. That motion was granted on March 29, 2016. Subsequently, on June 21, 2016 Borillo and LVNV stipulated to dismiss the state court lawsuit with prejudice.

Borillo then filed the present lawsuit on September 27, 2016,[1] alleging that LRLO violated FDCPA § 1692i by suing him in the wrong county. Because of defendant's choice of venue, plaintiff says that he suffered a concrete risk of injury, making it more difficult, time-consuming, and expensive to travel to the Santa Clara County Superior Court from his home in San Mateo County. Although he claims that he sustained actual damages (e.g., attorney's fees and emotional distress from taking time off from work and fighting traffic to appear in court), on the present motion he seeks only statutory damages.

**LEGAL STANDARD**

After entry of default, courts may, in their discretion, enter default judgment. Fed. R. Civ. P. 55; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material

---

[1] A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Accepting as true plaintiff's allegation that he did not learn of the state court suit until sometime in November 2015, his complaint timely was filed within 1 year from his discovery of the alleged FDCPA violation. See Lyons v. Michael & Assocs., 824 F.3d 1169 (9th Cir. 2016) (holding that the discovery rule applies when determining whether the statute of limitations begins to run on an FDCPA claim, and concluding that the limitations period on the plaintiff's § 1692i claim began to run when she was served with process, not when the lawsuit was filed).

3

facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may conduct a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

### A. Jurisdiction and Service of Process

The exercise of subject matter jurisdiction over this matter is proper because the FDCPA claim raises a federal question, 28 U.S.C. § 1331. Additionally, the court has personal jurisdiction over defendant. Plaintiff alleges that LRLO is a California professional corporation, with its principal place of business in San Diego, California. (Complaint ¶ 5). Defendant's commercial activities in California support the exercise of general personal jurisdiction. See generally Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223-24 (9th Cir. 2011) ("For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state.") (citations omitted).

The docket indicates that plaintiff properly effected service by personally serving the summons and complaint on an individual authorized to accept service on behalf of LRLO. (Dkt. 7). See Fed. R. Civ. Proc. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and---if the agent is one authorized by statute and the statute so requires---by also mailing a copy of each to the defendant").

Additionally, there is nothing in the record suggesting that LRLO is a minor, incompetent, or person in military service. Fed. R. Civ. P. 55(b)(2).

4

## B. The Eitel Factors

All of the Eitel factors favor entry of default judgment here.

"In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." Freeman v. ABC Legal Services, Inc., 827 F. Supp.2d 1065, 1071 (N.D. Cal. 2011).

Borillo has satisfied the first two elements of an FDCPA claim by alleging that LRLO sued him to collect on a credit card debt he (allegedly) incurred primarily for personal, family, or household use. (Complaint ¶¶ 6-8). See 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated or allegedly obligated to pay any debt."); 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.").

With respect to the third element, a "debt collector" under the FDCPA is "any person" the "principal purpose" of whose business "is the collection of any debts," or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A bare allegation that a defendant is a "debt collector as that term is defined by the FDCPA" has been rejected as too conclusory to support default judgment. See, e.g. Monroe v. Steinfeld, No. C-11-02726 SBA (DMR), 2011 WL 7030908, at *3 (N.D. Cal., Nov. 28, 2011) (citing King v. Nat'l Credit Works, Inc., No. 10-cv-02413, 2011 WL 3847018, at *4 (E.D.Cal. Aug. 30, 2011)). Instead, allegations related to the frequency of the collection by the debt collector are necessary. Id. Here, Borillo alleges that LRLO "is a California professional corporation, who regularly collects or attempts to collect debts." (Complaint ¶ 5). Although that allegation is somewhat lightweight, this court finds that Borillo has met the third element for an FDCPA claim inasmuch as the complaint alleges something more than a generic reference to the statutory definition of "debt collector" and alleges the frequency of LRLO's debt collection efforts.

5

As for the fourth claim element, the FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer" must "bring such action only in the judicial district or similar legal entity--(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2); see also generally Reyes v. Kenosian & Miele, LLP, 619 F. Supp.2d 796, 801-04 (N.D. Cal. 2008) (holding that the FDCPA applies to a state court complaint filed to collect a debt); Simmonds & Narita LLP v. Schreiber, 566 F. Supp.2d 1015, 1016 (N.D. Cal. 2008) (noting that FDCPA venue provisions apply to debt collection actions filed in state and federal court). The FDCPA thus holds liable "[a]ny debt collector" who brings such a legal action in the wrong venue. 15 U.S.C. §1692i(a)(2). Borillo has alleged sufficient facts demonstrating that LRLO sued him in the wrong venue. As discussed, he says that at the time the state court suit was filed, he did not reside in Santa Clara County and that he never signed a contract with Household Bank (or any of its assignees) in Santa Clara County. See generally Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1515 (9th Cir. 1994) (concluding that two different counties within the same judicial district are different venues under the FDCPA where the state provides a formal transfer mechanism, such as a motion to transfer venue).

Borillo seeks only statutory damages, not actual damages. As for the amount of money at stake, this court will recommend that plaintiff be awarded what it determines to be an amount that is proportionate to the conduct alleged. Because all liability-related allegations are deemed true, there is no possibility of a dispute as to material facts. Although defendant received proper notice of this lawsuit, it failed to appear or present a defense in this matter. There is no indication that defendant's default was due to excusable neglect. While the court prefers to decide matters on the merits, defendant's failure to participate in this litigation makes that impossible. A default judgment against defendant is plaintiff's only recourse.

**C. Statutory Damages**

The FDCPA allows for statutory damages up to $1,000. 15 U.S.C. § 1692k(a)(2)(A). Statutory damages are available without proof of actual damages. Baker v. G.C. Servs. Corp., 677 F.2d 775, 781 (9th Cir. 1982). In determining an appropriate amount of damages to be awarded,

the court is to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). For example, courts in this district have awarded $300 in statutory damages for a single failure to provide written notice of the consumer's rights, see Jamal v. Thompson & Assocs., P.C., No. C09-04249 MHP (BZ), 2010 WL 678925, at *4 (N.D. Cal., Feb. 25, 2010), $400 for a single deceptive voicemail, and up to $1,000 for two phone calls in which the defendant threatened criminal prosecution and purported to be from the "D.A.'s Office," see Evans v. Creditor's Specialty Service, Inc., No. 15-cv-03355-BLF, 2016 WL 730277 at *3 (N.D. Cal., Feb. 24, 2016) (citing cases). And, some courts have refused to award any statutory damages for technical or *de minimis* violations. See, e.g., Lester E. Cox Med. Ctr. v. Huntsman, 408 F.3d 989, 993-94 (8th Cir. 2005) (affirming the denial of statutory damages where the defendant hospital attempted to collect a debt using its registered name, rather than the hospital's actual name).

The FDCPA § 1692i venue provision was meant to limit the ability of debt collectors to file debt collection actions in courts inconvenient to the debtor. In re Lord, 270 B.R. 787, 797 (M.D. Ga. 1998). This court finds that the violation alleged here was more than *de minimis* and not merely technical. The complaint's allegations suggest that LRLO knew plaintiff did not live in San Jose (and, at the very least, should have known that he did not reside in Santa Clara County), but nevertheless proceeded with a suit in the wrong county over a debt he says he did not owe. Under the circumstances, this court recommends that plaintiff be awarded $750 in statutory damages.

However, plaintiff's request for an additional $1,000 in statutory damages under the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) should be denied. The sole claim for relief was made under the FDCPA, and the complaint does not assert any claim under the Rosenthal Act. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

### D.  Attorney's Fees and Costs

The FDCPA provides for an award of fees and costs to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3). Whether calculating attorney's fees under California or federal law, courts follow

7

the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989). "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum, 465 U.S. at 896 n.11. Additionally, the court can rely on its own knowledge and experience in evaluating a request for fees. Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees.").

Here, plaintiff seeks $3,060.00 in attorney's fees as follows: (1) $1,610.00 for work performed by attorney J. Erik Heath at $350 per hour; (2) $725.00 for work performed by attorney George Wiggs at $250 per hour; and (3) $725.00 for work performed by research clerks at $125 per hour. Heath has held a Georgia law license since 2009 and a California law license since 2015, focusing on consumer financial services, including debt collection and debtors' rights. Heath is a solo practitioner; and, since January 2016 has also been Of Counsel at the San Francisco-based law firm of Duckworth, Peters, Lebowitz, Olivier LLP. Wiggs has been a California attorney since 2011, and is a sole practitioner focusing on consumer financial services, including debt collection and debtors' rights. Wiggs points out that his $250 rate was approved in February 2016 in a state court suit, although it is unclear whether that court was located in this

8

district. (Dkt. 18, Suppl. Wiggs Decl. ¶ 8). In any event, the fee applications are also supported by the declaration of attorney Monique Olivier, who avers based on her knowledge and experience that rates in this area for consumer claims range from $200 per hour for new attorneys to $725 per hour for experienced class action litigators. (Dkt. 19, Olivier Decl. ¶ 4). A relatively recent case suggests that the highest rate awarded plaintiffs-side in this district in class action FDCPA cases is $600 per hour. See Jacobson v. Persolve, LLC, No. 14-cv-00735-LHK, 2016 WL 7230873, at *6 (N.D. Cal., Dec. 14, 2016). Nevertheless, this court finds that the rates requested here fall within the range of those approved in this district for attorneys of comparable experience in debt collection practice cases. See, e.g., Schuchardt v. Law Office of Rory W. Clark, 314 F.R.D. 673, 689 (N.D. Cal. 2016) (approving a $350 hourly rate for a senior associate and a $400 hourly rate for other attorneys in an FDCPA action); Jacobson, 2016 WL 7230873 at *7 (approving a $500 hourly rate for an attorney with 19 years of experience and an hourly rate of $400 for an attorney with approximately 9 years of experience); Evans, 2016 WL 730277 at *4 (approving a rate of $320 per hour for an attorney with nearly 8 years experience and noting that an hourly rate of $290 had been approved for the same attorney two years beforehand).

As for the time spent by plaintiff's counsel on this matter, this court has reviewed the time records submitted by counsel and finds that the time reasonably was incurred, with the following exception: On October 13, 2016 Wiggs charged 0.5 hours to "File Summons Service Executed as of 10-06-2016." (Dkt. 15-7, Wiggs Decl. ¶ 11, Ex. 5). That time entry apparently relates to Dkt. 7, a one-page scanned document. This court sees no reason why filing that document reasonably would have required 30 minutes of Wiggs' time and recommends that 0.4 hours of Wiggs' time ($100) be deducted from the fee award.

Although counsel have not submitted evidence as to the reasonableness of the claimed $125 hourly rate for work performed by research clerks, that rate appears to be below rates approved in other recent debt collection cases. See, e.g., Jacobson, 2016 WL 7230873 at *7 (approving a rate of $180 per hour for a law clerk); Long v. Nationwide Legal File & Serve, Inc., No. 12-cv-03578-LHK, 2014 WL 3809401, at *12 (N.D. Cal., July 23, 2014) (approving a rate of $175 in a debt collection practices case for a law clerk).

9

Nevertheless, "[f]ees for law clerks and paralegals are compensable as attorney's fees so long as the work is legal rather than clerical in nature." Jacobson, 2016 WL 7230873 at *7; see also Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."). Tasks such as preparing proofs of service, processing records, posting letters for mail, photocopying, three-hole punching, internal filing, calendaring, and preparing the summons and complaint for filing have been found to be purely clerical tasks for which fees are not recoverable. LaToya A. v. San Francisco Unified Sch. Dist., No. 3:15-cv-04311-LB, 2016 WL 344558, at *9 (N.D. Cal., Jan. 28, 2016); Yates v. Vishal Corp., No. 11-cv-00643-JCS, 2014 WL 572528 at *6 (N.D. Cal., Feb. 4, 2014). Here, two tasks strike this court as purely clerical in nature: 0.2 hours of time on September 28, 2016 for "ECF and file prep" and 1.3 hours of time on September 30, 2016 for "Preparation of Summons for Service, awaiting pricing from process servers in San Diego." (Wiggs Decl. ¶ 11, Ex. 5). Accordingly, this court recommends that 1.5 hours of law clerk time ($187.50) be deducted from the fee award.

Plaintiff's request for costs---i.e., $400.00 (filing fee) and $70.00 (process server fee)---is adequately supported. (Dkt. 15-8, Wiggs Decl. ¶ 14, Ex. 6).

**ORDER**

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Judge. Further, it is RECOMMENDED that plaintiff's motion for default judgment be granted in and denied in part for a total judgment of $3,992.50 as follows:

- Plaintiff be awarded $750 in statutory damages under the FDCPA;
- Plaintiff's request for statutory damages under the Rosenthal Act be denied;
- Plaintiff be awarded $2,772.50 in attorney's fees; and
- Plaintiff be awarded $470.00 in costs.

Plaintiff shall serve a copy of this recommendation on the defendant. Any party may serve

and file objections to this Report and Recommendation within fourteen days after being served.
28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

SO ORDERED.

Dated: May 5, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-05508-HRL Notice has been electronically mailed to:

Geoffrey Eugene Wiggs     geoff@wiggslaw.com

J. Erik Heath     erik@heathlegal.com